WILLIAM J. SULLIVAN *VS.* DEPARTMENT OF STATE POLICE
& another.[1]

No. 01-P-756.

Middlesex. November 21, 2002. - January 3, 2003.

Present: GREENBERG, DREBEN, & MASON, JJ.

*Firearms. License.*

This court construed clause Fifteenth of G. L. c. 140, § 123, inserted by
St. 1998, c. 180, entitled "An Act Relative to Gun Control in the Com-
monwealth" (act), so as not to permit the operator of a firearms store in a
space that was formerly a garage, located under the first-floor level of his
residence, to procure a renewal of a license to sell or repair guns in the
garage, where the act imposed a new requirement that a gun dealer maintain
a separate business location for selling guns that is not a dwelling or
residence. [11-12]

CIVIL ACTION commenced in the Superior Court Department on
July 19, 2000.

The case was heard by *Diane M. Kottmyer,* J., on motions for
judgment on the pleadings.

*Albert G. Tierney (Robert J. Forrest* with him) for the
plaintiff.

*Adam Simms,* Assistant Attorney General, for Department of
State Police.

*Brian W. Riley* for Chief of Police of Pembroke.

DREBEN, J. This appeal concerns the interpretation of clause
Fifteenth of G. L. c. 140, § 123, inserted by St. 1998, c. 180,
entitled "An Act Relative to Gun Control in the Com-
monwealth" (Act). In a number of respects, the Act increased
the requirements for obtaining licenses to sell and own guns.
Such licenses are subject to numerous conditions set forth in
§ 123. Clause Fifteenth, the clause at issue, inserted the follow-
ing new requirement in § 123:

[1]Chief of Police of Pembroke.

"Fifteenth, That all licensees shall maintain a permanent place of business that is not a residence or dwelling wherein all transactions described in this section [sales, rentals or leases of various types of guns] shall be conducted and wherein all records required to be kept under this section shall be so kept."

From 1990 until November, 1999, the plaintiff operated a firearms store in a space that was formerly a garage, located under the first-floor level of his residence. The garage has a separate entrance for the public and is never used as living quarters.

In November, 1999, the plaintiff attempted to renew his license to sell guns, but the Pembroke police chief refused, having received a letter dated October 29, 1999 from the Attorney General stating that the Act imposed a new requirement — a gun dealer must now maintain a separate business location for the dealership that is not a dwelling or residence and that a home office is not acceptable.

The plaintiff sought and obtained a hearing pursuant to G. L. c. 140, § 122, but the hearing officer determined that there were reasonable grounds for the police chief to refuse to issue a renewal of the plaintiff's license because his place of business did not comply with clause Fifteenth. The plaintiff next appealed to the Superior Court where he again lost.

We agree with the Superior Court judge that:

"[r]ead as a whole, G. L. c. 140 clearly reflects the legislature's intent that firearm businesses be conducted in commercial settings and not in private residences. The fact that *a portion of a private residence* has been earmarked by its owners as 'separate' and 'solely for business purposes' does not satisfy the requirements of the statute." (Emphasis supplied).

Other clauses of St. 1998, c. 180, buttress this conclusion. Although the Act was approved on July 22, 1998, section 78 of c. 180 specifically provided that clause Fifteenth should not apply to licensees holding a valid license issued pursuant to G. L.

c. 140, § 122, until September 1, 1999.[2] As the Superior Court judge pointed out, the "apparent purpose of the delay was to give current licensees who conducted business out of their residences an opportunity to move their businesses" to a commercial setting. Another new paragraph inserted in § 123 by the Act indicates that the places of business should be located in commercial areas. It provides:

> "The licensing authority shall enter, one time per calendar year, during regular business hours, the *commercial premises* owned or leased by any licensee, wherein such records required to be maintained under this section are stored or maintained, and inspect, in a reasonable manner, such records and inventory for the purpose of enforcing the provisions of this section." (Emphasis supplied.)

In addition, the very first condition set forth in § 123[3] states:

> "First, That the provisions in regard to the nature of the license and the building in which the business may be carried on under it shall be strictly adhered to."

In view of the obvious purpose of the Act to enhance the safety of sales, rentals, and storage of guns, we, too, construe clause Fifteenth so as not to permit the plaintiff to procure a license to sell or repair guns in his garage.

The plaintiff's one-sentence claim that the decisions of the hearing officer and the Superior Court confiscate the plaintiff's property is disposed of by *MacNutt* v. *Police Commr. of Boston,* 30 Mass. App. Ct. 632, 635 (1991). His additional claim that an opinion contained in a letter of the Attorney General is a regulation is entirely without basis.

*Judgment affirmed.*

---

[2]The only other deferred clause was the change to clause Fifth which required immediate submission of sales, rentals, and leases to the executive director of the criminal history systems board. St. 1998, c. 180, § 78.

[3]This condition is of long standing and appears in St. 1911, c. 495, § 4.